UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WE THE PATRIOTS USA, INC., <br> DIANE BONO, <br> MICHELLE MELENDEZ, <br> MICHELLE SYNAKOWSKI, <br>     Plaintiffs, <br> v. <br><br> KATHLEEN HOCHUL - GOVERNOR OF NEW YORK; HOWARD ZUCKER, M.D, - COMMISSIONER, NEW YORK STATE DEPARTMENT OF HEALTH <br>     Defendants. | Dkt. No.:1:21-cv-4954 <br><br><br><br><br><br><br><br><br><br> SEPTEMBER 2, 2021 |

## COMPLAINT

*"I never thought your announcements could give you – a mere human being – power to trample the gods' unfailing, unwritten laws. These laws weren't made now/or yesterday. They live for all time."* – Sophocles, *Antigone*.

1. The State of New York has turned a terrifying corner in the name of public health: It is mandating that all health-care professionals in the state of New York be vaccinated to combat the spread of C0VID-19 as a condition of their employment, regardless of the sincerely held religious convictions of those employees. By administrative fiat, the State proposes to do what no court has done thus far and what federal law prohibits: eliminate the religious exemption to the requirement that folks submit to government-mandated vaccination. The plaintiffs seek declaratory and injunctive relief.

### *Jurisdiction*

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201, and venue is proper under 28 U.S.C. § 1391. The claims arise under 42 U.S.C. § 1983.

## *Parties*

3.      Plaintiff, We The Patriots USA, Inc., is a nonprofit charity organized and operated exclusively for tax-exempt purposes in accordance with Section 501(c)(3) of the Internal Revenue Code. It is incorporated in the State of Connecticut. More specifically, We The Patriots USA, Inc., is dedicated to promoting constitutional rights and other freedoms through education, outreach, and public interest litigation, thereby advancing religious freedom, medical freedom, parental rights, and educational freedom for all. As a Section 501(c)(3) public charity, it has members who participate in its tax-exempt activities as volunteers and committed community stakeholders, bringing and supporting litigation in state and federal courts on a variety of constitutional and civil-liberties matters directly affecting their rights and interests. The organization has members in New York State who are affected by the matters complained of herein, including the individual plaintiffs.

4.      Plaintiff Diane Bono is an adult resident of the State of New York, residing in Seaford. She is a registered nurse employed at the Syosset Hospital. She is a practicing non-denominational Christian and a member of We The Patriots USA, Inc.

5.      Plaintiff Michelle Melendez is an adult resident of the State of New York, residing in Wheatley Heights. She is a registered nurse employed at the Syosset Hospital. She is a baptized and practicing Roman Catholic and a member of We The Patriots USA, Inc.

6.      Plaintiff Michelle Synakowski is an adult resident of the State of New York, residing in Syracuse. She is a health care professional employed by the St. Joseph's Hospital in Syracuse, New York. She is a baptized and practicing Roman Catholic and a member of We The Patriots USA, Inc.

7. Defendant Kathleen Hochul is the governor of the State of New York, and, as such, is the primary policymaker and principal executive officer of the State of New York. She is sued in her official capacity.

8. Defendant Howard Zucker is the Commissioner of the State of New York Department of Health (NYDOH). He is sued in his official capacity.

### *Factual Allegations*

9. The three major vaccines distributed to prevent illness due to COVID-19 relied on use of a fetal cell line harvested from aborted fetuses acquired in the 1970s and 1980s. Johnson & Johnson used a fetal cell line to produce and manufacture the vaccine. Pfizer and Moderna used the cells in testing the efficacy of their vaccines prior to production and manufacturing.[1]

10. Plaintiffs Bono, Melendez, and Synakowski have sincere and personal religious beliefs supported by the teaching of their churches that elective abortion is wrong. They object to placing in their bodies a vaccine that relies in whole or in part on the use of a fetal cell line for development, manufacturing, or testing.

11. Plaintiffs Bono, Melendez, and Synakowski are not alone in their religious beliefs. Thousands of Plaintiff We The Patriots USA, Inc.'s members, including the substantial number of members that they have in New York ,share Bono, Melendez, and Synakowski's religious convictions.

12. The Defendants, acting pursuant to authority vested in the Public Health and Health Planning Council and the Commissioner of Public Health, Defendant Zucker, has promulgated regulations requiring employees of "covered entities" to be "fully

---

[1] *COVID-19 Vaccines and Fetal Cells*, Michigan Department of Health and Human Services (April 21, 2021).

vaccinated" unless medically exempt. *See* New York State Health Regulation, Title 10, § 2.61 (attached as **Exhibit A**). The new regulations do not provide for a religious exemption to vaccination. *Id*.

13.  The new regulations constitute state action, that is to say a new policy requiring compliance by residents of New York State who must either be vaccinated or potentially lose their employment and be barred from future employment in their career fields within the state of New York.

14.  The new regulations cover "any facility or institution included in the definition of 'hospital' … including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers…." **Exhibit A, p. 1.**

15.  The new regulations cover "all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff, contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." **Exhibit A, p. 2.**

16.  The new regulations require "[c]overed entities … [to] continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021 for general hospitals and nursing homes, and by October 7, 2021 for all other covered entities absent receipt of an exemption as allowed …." **Exhibit A, p. 2.**

17.  The only exemption specified in the new regulation is a "medical exemption." **Exhibit A, p. 2**

18. Prior to the promulgation of the new regulations, employees of covered entities were permitted to seek a religious exemption from vaccination requirements.

19. Indeed, as recently as August 16, 2021, then Governor Andrew Cuomo announced that new regulations would require "staff at hospitals and long-term care facilities, including nursing homes" to be vaccinated against COVID-19 by Monday, September 27, 2021, except for "limited exceptions for those with religious or medical reasons." **Exhibit B, pp. 1-2.**

20. Thereafter, Governor Cuomo resigned from office, effective August 24, 2021, the date upon which Defendant Hochul was sworn into office.

21. On August 26, 2021, the new regulations eliminating the religious exemption were promulgated and took immediate effect. They were promulgated without any public notice and comment period, announced by fiat and in a startling departure from the earlier statements of Governor Cuomo.

22. The elimination of the religious exemption will require plaintiffs Melendez and Synakoski to choose either to submit to a vaccination abhorrent to their deeply held beliefs or lose their employment.

**Count One – Violation of First Amendment Right To Free Exercise Of Religion**

23. Paragraphs one through 22 are incorporated herein.

24. The First Amendment provides, in relevant part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." This Free Exercise Clause "protects religious observers against unequal treatment and subjects to the strictest scrutiny laws that target the religious for special disabilities based their religious status…. Applying that basic principle, this Court has repeatedly confirmed

that denying a generally available benefit solely on account of religious identity imposes a penalty on the free exercise of religion that can be justified only by a state interest of the highest order." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S.Ct 2012, 2019 (2017) (internal citation and quotation marks omitted).

25. The Free Exercise Clause also guarantees an affirmative right to practice sincerely held religious beliefs.

26. The Defendants have conducted the ultimate bait-and-switch on healthcare workers of faith in New York. They initially made public statements and declarations telling healthcare workers including the Plaintiffs that they would be able to request religious exemptions from the state's COVID-19 vaccination mandate. When it came time to actually put their statements and declarations into law, the Defendants forgot their previous promises entirely and completely omitted the promised religious exemption from their COVID-19 vaccination mandate.

27. Their mandate, however, provides an avenue for healthcare workers to request medical exemptions.

28. The mandate takes effect immediately and requires all personnel to be vaccinated against COVID-19 by September 27, 2021 or lose their jobs.

29. The Defendants' COVID-19 vaccination mandate violates the Free Exercise Clause by permitting a secular (medical) exemption on an individualized basis while categorically mandating the rejection of religious exemptions.

30. The Defendants' COVID-19 vaccination mandate violates the Free Exercise Clause by forcing the Plaintiffs and all healthcare workers in New York to choose between their religious beliefs and their jobs and careers.

### Count Two – Violation of First, Fourth, Fifth, And Fourteenth Amendment Rights To Privacy And Medical Freedom

31.     Paragraphs 1 through 29 of this Complaint are incorporated herein.

32.     In *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), the United States Supreme Court established a woman's right to terminate her pregnancy under the First, Fourth, Fifth, and Fourteenth Amendments. The principles derived from these cases establish a broad right to freedom to make personal choices – central to personal dignity and autonomy – about one's own medical decisions.

33.     The Defendants' COVID-19 vaccination mandate places an undue burden on the Plaintiffs' right to make personal choices – central to their personal dignity and autonomy – about their own medical decisions.

34.     Thus, the Defendants' COVID-19 vaccination violates the First, Fourth, Fifth, and Fourteenth Amendments on its face.

### Declaratory and Injunctive Relief

WHEREFORE, the Plaintiffs seek declaratory and injunctive relief as follows:

A. A declaratory judgment finding that New York State Public Health Regulation, Title 10, § 2.61 violates the First Amendment's Free Exercise Clause and is unconstitutional.

B. A declaratory judgment finding that New York State Public Health Regulation, Title 10, § 2.61 violates the Plaintiffs' right to privacy and medical freedom under the First, Fourth, Fifth, and Fourteenth Amendments and is unconstitutional.

C. A permanent injunction enjoining the Defendants and their agents from enforcing any provision of New York State Public Health Regulation, Title 10, § 2.61.

D. Costs and attorney's fees.

E. Such other relief as this Court deems fair and equitable.

    THE PLAINTIFFS

/s/ Norman A. Pattis /s/

NORMAN A. PATTIS, ESQ.
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattisandsmith.com

/s/ Cameron L. Atkinson /s/

CAMERON L. ATKINSON, ESQ.
   *Pro hac vice pending*
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
catkinson@pattisandsmith.com

/s/ Earl A. Voss /s/

EARL A. VOSS, ESQ.
   *Pro hac vice pending*
PATTIS & SMITH, LLC
383 Orange Street
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
avoss@pattisandsmith.com