**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WE THE PATRIOTS USA, INC.,
DIANE BONO,
MICHELLE MELENDEZ,
MICHELLE SYNAKOWSKI,
    Plaintiffs,

v.

KATHLEEN HOCHUL – GOVERNOR
OF NEW YORK; HOWARD
ZUCKER, M.D, - COMMISSIONER,
NEW YORK STATE DEPARTMENT
OF HEALTH
    Defendants.

No. 1:21-cv-4954 (WFK) (RER)


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, NY 10005
(212) 416-8661


Todd A. Spiegelman
Assistant Attorney General
*Of Counsel*

## TABLE OF CONTENTS

**Page**

Argument .................................................................................................................................... 1

   I.   Courts Have Long Upheld Mandatory Vaccination Rules, Including Those Without Religious Exemptions .................................................................................................. 1

   II.  The Emergency Rule is a Neutral Law of General Applicability ......................................... 3

      A.  The Emergency Rule is Neutral ............................................................................... 3

      B.  The Emergency Rule is Generally Applicable ................................................................ 5

      C.  This Case Should Be Dismissed on the Pleadings Without Leave to Amend ................. 7

   III. Plaintiffs Do Not Plausibly Claim Violations of Their Fundamental Rights ........................ 9

Conclusion ................................................................................................................................. 10

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bank v. Spark Energy, LLC*,
    860 F. App'x 205 (2d Cir. 2021) .................................................................................................8

*Brown v. Smith*,
    24 Cal. App. 5th 1135 (Cal. Ct. App. 2018) ...............................................................................8

*C.F. v. N.Y.C. Dep't of Health & Mental Hygiene*,
    191 A.D.3d 52 (2d Dep't 2020) ..................................................................................................2

*Carnell v. Myers*,
    17-cv-7693, 2019 WL 1171489 (S.D.N.Y. March 13, 2013) .....................................................8

*Doe v. San Diego Unified Sch. Dist.*,
    19 F.4th 1173 (9th Cir. 2021), reconsideration en banc denied, 22 F.4th 1099
    (9th Cir. 2022) .........................................................................................................................3, 6

*Does 1-3 v. Mills*,
    142 S. Ct. 17 (2021) ....................................................................................................................2

*Does 1-3 v. Mills*,
    No. 21-717, 2022 WL 515892 (U.S. Feb. 22, 2022) ..................................................................2

*Does 1-6 v. Mills*,
    16 F.4th 20 (1st Cir. 2021) ................................................................................................... 4, 6-7

*Employment Div., Dep't of Human Res. or Ore. v. Smith*,
    494 U.S. 872 (1990) ....................................................................................................................3

*F.F. v. State of N.Y.*,
    194 A.D.3d 80 (3d Dep't 2021), appeal dismissed & lv. denied, 2021 N.Y.
    Slip Op. 72937 (N.Y. 2021) ....................................................................................................5, 8

*Harris v. Univ. of Massachusetts, Lowell*,
    No. 21-CV-11244, 2021 WL 3848012 (D. Mass. Aug. 27, 2021) ..............................................3

*Harvest Rock Church, Inc. v. Newsom*,
    141 S. Ct. 889 (2021) ..................................................................................................................1

*Jacobson v. Mass.*,
    197 U.S. 11 (1905) ......................................................................................................................1

*Jenkins v. Comm'r of I.R.S.*,
    483 F.3d 90 (2d Cir. 2007) ........................................................................................................10

*Lawrence v. Texas*,
    539 U.S. 558 (2003) ................................................................................................................3

*Maryland v. Wilson*,
    519 U.S. 408 (1997) ................................................................................................................2

*O'Brien v. Nat'l Prop. Analysts Partners*,
    719 F. Supp. 222 (S.D.N.Y. 1989) .........................................................................................8

*Phillips v. City of N.Y.*,
    775 F.3d 538 (2d Cir. 2015) ................................................................................................1, 3

*Planned Parenthood v. Casey*,
    505 U.S. 833 (1992) ................................................................................................................9

*Roe v. Wade*,
    410 U.S. 113 (1973) ................................................................................................................9

*Roman Catholic Diocese v. Cuomo ("Diocese")*,
    141 S. Ct. 63 (2020) ............................................................................................................ 1-2

*State Oil Co. v. Khan*,
    522 U.S. 3 (1997) ....................................................................................................................3

*Tandon v. Newsom*,
    141 S. Ct. 1294 (2021) .........................................................................................................1, 6

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) ....................................................................................................9

*U.S. v. Bifield*,
    702 F.2d 342 (2d Cir. 1983) ..................................................................................................10

*Union Pacific Railway Co. v. Botsford*,
    141 U.S. 1250 (1891) ............................................................................................................10

*V.D. v. State*,
    403 F. Supp. 3d 76 (E.D.N.Y. 2019) .......................................................................................3

*We The Patriots v. Hochul*,
    142 S. Ct. 734 (2021) ..............................................................................................................2

*We The Patriots v. Hochul ("WTP")*,
    17 F.4th 266 (2d Cir. 2021) ............................................................................................ passim

## CONSTITUTIONS

First Amendment ................................................................................................................................9

Fourth Amendment ..................................................................................................................9

Fifth Amendment ....................................................................................................................9

Seventh Amendment ............................................................................................................10

Ninth Amendment............................................................................................................. 9-10

Fourteenth Amendment .........................................................................................................9

Free Exercise Clause ...................................................................................................... 3, 6-7

**STATE REGULATIONS**

10 N.Y.C.R.R.
   § 2.61..................................................................................................................................3, 5
   § 2.61(d)(1) ...........................................................................................................................4
   § 405.3 (Mar. 24, 1993) .......................................................................................................4
   § 405.11.................................................................................................................................6
   § 415.19.................................................................................................................................6

Defendants Governor Kathy Hochul and Commissioner of the New York State Department of Health ("DOH"), Mary T. Bassett, M.D., M.P.H., sued in their official capacities, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint, which challenges DOH's Emergency Rule[1] that requires certain healthcare workers to receive vaccinations against COVID-19 infection. The motion should be granted because Plaintiffs' opposing arguments fail to overcome the manifest deficiencies in their case.

## Argument

### I. Courts Have Long Upheld Mandatory Vaccination Rules, Including Those Without Religious Exemptions

As shown in Defendants' opening brief, courts have consistently upheld mandatory vaccination laws, including those without religious exemptions, as a valid exercise of the States' police power. Mem. at 13-14 (citing *Jacobson v. Mass.*, 197 U.S. 11 (1905) and *Phillips v. City of N.Y.*, 775 F.3d 538 (2d Cir. 2015)). In response, Plaintiffs claim that *Jacobson* and its progeny have been implicitly overruled by recent Supreme Court decisions and that *Phillips* should not be followed. Pls.' Mem. in Opp. to Defs. Mem. of Law in Support of Their Motion to Dismiss ("Opp.") at 4-9. Plaintiffs are wrong on both counts.

First, Plaintiffs flatly err in claiming that the Supreme Court has recently "reshaped" and "revisit[ed]" its decisions in *Jacobson*, such that COVID-19 vaccine mandates should now be subject to strict scrutiny. Opp. at 4-6. The opinions on which Plaintiffs rely neither mentioned *Jacobson* nor did they involve challenges to vaccine mandates. *See Roman Catholic Diocese v. Cuomo ("Diocese")*, 141 S. Ct. 63 (2020) (challenge to occupancy limits imposed to combat pandemic); *Tandon v. Newsom*, 141 S. Ct. 1294 (2021) (same); *Harvest Rock Church, Inc. v.*

---

[1] Defendants use the same defined terms as set forth in their memorandum of law in support of their motion to dismiss the Complaint, dated January 26, 2022 ("Mem.").

*Newsom*, 141 S. Ct. 889 (2021) (same). If anything, the Supreme Court's denials of recent challenges to State and local vaccination mandates suggest that it does not take issue with mandates that permit medical, but not religious, exemptions. *See We The Patriots v. Hochul*, 142 S. Ct. 734 (2021) (denying application to enjoin Emergency Rule); *Does 1-3 v. Mills*, 142 S. Ct. 17 (2021) (denying application to enjoin Maine's vaccine mandate for healthcare workers that did not permit religious exemptions); *Does 1-3 v. Mills*, No. 21-717, 2022 WL 515892, at *1 (U.S. Feb. 22, 2022) (denying certiorari). Indeed, the Second Circuit has already considered and rejected Plaintiffs' argument in this very case: "Their alternative contention that *Jacobson* and *Phillips* have been implicitly overruled by the Supreme Court likewise finds no support in caselaw." *We The Patriots v. Hochul ("WTP")*, 17 F.4th 266, 293 (2d Cir. 2021).

Plaintiffs further err in relying on Justice Gorsuch's concurrence in *Diocese*, which opined that *Jacobson* should not supplant ordinary constitutional analysis of health measures taken during a pandemic. Opp. at 5 (citing *Diocese*, 141 S. Ct. at 70 (Gorsuch, J. concurring)). No other justice joined in this concurrence, and the *per curiam* opinion did not adopt Justice Gorsuch's view of *Jacobson*. *See C.F. v. N.Y.C. Dep't of Health & Mental Hygiene*, 191 A.D.3d 52, 72 (2d Dep't 2020) ("Justice Gorsuch's positions did not command a majority"). It is not binding on this Court. *See Maryland v. Wilson*, 519 U.S. 408, 412-13 (1997) (justice's concurrence does not "constitute[] binding precedent"). This is in contrast to *Jacobson*, which "remains binding precedent," including for the proposition that "the urgent public health needs of the community can outweigh the rights of an individual to refuse vaccination." *WTP*, 17 F.4th at 293 n.35.

Second, Plaintiffs concede that the Second Circuit in *Phillips* found that "New York law goes beyond what the Constitution requires" by allowing a religious exemption from New

York's childhood immunization law. Opp. at 8 (citing *Phillips*, 775 F.3d at 543). Although they argue that this statement in *Phillips* is non-binding *dicta*, courts both in and outside the Second Circuit continue to rely on it when upholding vaccine mandates. *See Harris v. Univ. of Massachusetts, Lowell*, No. 21-CV-11244, 2021 WL 3848012, at *7 (D. Mass. Aug. 27, 2021) (citing *Phillips* and holding that university was "under no constitutional obligation to offer a religious exemption to its Vaccine Requirement"); *V.D. v. State*, 403 F. Supp. 3d 76, 86 (E.D.N.Y. 2019) (citing *Phillips* as support in upholding State Legislature's repeal of religious exemption to childhood immunization law). Indeed, the Second Circuit itself in this case relied on *Phillips's* finding that "religious exemptions to vaccine mandates are not constitutionally required" in rejecting Plaintiffs' free exercise challenge. *WTP*, 17 F.4th at 288.[2]

Consequently, Plaintiffs' claims in this case are foreclosed by *Jacobson* and *Phillips*.

## II.   The Emergency Rule is a Neutral Law of General Applicability

As shown in Defendants' opening brief, the Emergency Rule is subject to rational-basis review because it is a "neutral law of general applicability." *Employment Div., Dep't of Human Res. or Ore. v. Smith*, 494 U.S. 872, 879 (1990) (quotation marks omitted).[3] Mem. at 15-21.

### A.   The Emergency Rule is Neutral

The Second Circuit held that Section 2.61 was facially neutral because it does not single out healthcare workers for religious reasons. *WTP*, 17 F.4th at 281; *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177 (9th Cir. 2021), *reconsideration en banc denied*, 22 F.4th

---

[2] Plaintiffs also argue that *Lawrence v. Texas*, 539 U.S. 558 (2003) overrules *Jacobson* notwithstanding that the *Lawrence* decision does not mention *Jacobson*. Opp. at 6-7. In any event, Plaintiffs fail to address the Second Circuit's holdings in *WTP* and *Phillips* that *Jacobson* remains good law.

[3] Plaintiffs point to criticism of *Smith* by several Supreme Court justices and argue that the *Smith* test violates the Free Exercise Clause. Opp. at 9-11. But as even Plaintiffs recognize, this Court is bound by *Smith* under principles of *stare decisis*. Opp. at 10; *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) (even where a Supreme Court decision has been described as having "infirmities," it "deserves continuing respect under the doctrine of stare decisis" because "it is [the Supreme] Court's prerogative alone to overrule one of its precedents").

1099 (9th Cir. 2022) (vaccination policy was facially neutral because "[t]he terms of the mandate do not make any reference to religion"). Contrary to Plaintiffs' contentions, the Circuit's holding was a textual analysis that plainly controls at any stage of the litigation.

Defendants showed that the Emergency Rule was not intended to target religion. Mem. at 15-17. In promulgating it, DOH simply followed decades-old regulations requiring measles and rubella vaccinations for healthcare workers which similarly permit only medical exemptions. Indeed, the Emergency Rule's medical exemption has nearly identical language to these 1993 regulations.[4] The Rule's neutrality towards religion is further shown by the lack of any exemption for philosophical, moral, or political reasons, or, for that matter, any reason other than the safety of the healthcare worker. *See WTP*, 17 F.4th at 282; *Does 1-6 v. Mills*, 16 F.4th 20, 30 (1st Cir. 2021) ("The state legislature removed both religious and philosophical exemptions from mandatory vaccination requirements, and thus did not single out religion alone.").

Plaintiffs do not dispute these key points. They instead maintain that the Rule is not neutral because it purportedly eliminated the religious exemption in the Summary Order issued by the DOH Commissioner eight days before DOH promulgated the Emergency Rule. Opp. at 12. But as the Second Circuit held, Plaintiffs' claim that the religious exemption was eliminated "misconstrue[d] the connection between the August 18 [Summary] Order and the August 26 [Emergency] Rule." *WTP*, 17 F.4th at 282. The Summary Order and the Emergency Rule were issued by different entities, using different procedures. Only the Emergency Rule was considered

---

[4] *Compare* 10 N.Y.C.R.R. § 2.61(d)(1) ("if any licensed physician, physician assistant, or certified nurse practitioner certifies that immunization with COVID-19 vaccine is detrimental to the health of [a] member of a covered entity's personnel, based upon a pre-existing health condition, the requirements of this section relating to COVID-19 immunization shall be inapplicable only until such immunization is found no longer to be detrimental to such personnel member's health.") *with* Spiegelman Decl., Exhibit A at 3, 10 N.Y.C.R.R. § 405.3 (Mar. 24, 1993) ("if any licensed physician, physician's assistant, specialist's assistant or nurse practitioner certifies that immunization with measles and/or rubella vaccine may be detrimental to the employee's health, the requirements . . . above relating to measles and/or rubella immunization shall be inapplicable until such immunization is found no longer to be detrimental to such employee's health.").

4

by the entire 25-member Public Health and Planning Council and was issued with a detailed regulatory impact statement. *Id*.

For these reasons, the Second Circuit soundly rejected Plaintiffs' claim, finding "that the August 18 Order contained a religious exemption, while Section 2.61 does not, falls short of rendering Section 2.61 non-neutral." *Id.* As this is Plaintiffs' only argument against the Rule's neutrality, they have failed to plausibly claim that the Emergency Rule is not neutral.[5]

B. The Emergency Rule is Generally Applicable

On their motion, the Defendants showed that the Emergency Rule is generally applicable because it applies to all healthcare workers who can safely receive a COVID-19 vaccination. Mem. at 18-20. The Rule does not set up a system of discretionary, individualized exemptions, a point Plaintiffs do not contest. Nor is it substantially underinclusive. The Rule—and the narrow medical exemption permitted therein—further the government's purpose both by protecting the health of critical healthcare employees for their own safety and guarding against staffing shortages that could imperil the communities they serve, and protecting the vulnerable patient populations that they serve. Mem. at 19.

On this basis, several Circuit Courts—including the Second Circuit in this case—have held that religious exemptions to vaccine mandates do not further the government's interests in the same manner as do medical exemptions. *See WTP*, 17 F.4th at 285 ("applying the [Emergency] Rule to those who oppose vaccination on religious grounds furthers the State's asserted interests, whereas applying the Rule to those subject to medical contraindications or precautions based on pre-existing conditions would undermine the government's asserted interest

---

[5] Notably, even if DOH had amended a regulation to remove the religious exemption (which it did not), that would not necessarily render the Emergency Rule non-neutral. *See F.F. v. State of N.Y.*, 194 A.D.3d 80, 84-87 (3d Dep't 2021), *appeal dismissed & lv. denied*, 2021 N.Y. Slip Op. 72937 (N.Y. 2021) (State law repealing religious exemption from childhood immunization law was neutral).

in protecting the health of covered personnel"); *Mills*, 16 F.4th at 30 ("[C]arving out an exception for those people to whom that physical health risk applies furthers Maine's asserted interests in a way that carving out an exemption for religious objectors would not."); *San Diego Unified Sch. Dist.*, 19 F.4th at 1178 (school district's "[limited] medical exemption. . . serves the primary interest for imposing the mandate—protecting student 'health and safety'—and so does not undermine the District's interests as a religious exemption would").

Plaintiffs do not challenge the government's interest in protecting healthcare workers and the vulnerable patient populations that they care for (nor could they). Instead, they note that the risk of an unvaccinated healthcare worker contracting and transmitting the disease is the same whether they are exempt for medical reasons or religious reasons. However, the risk of COVID-19 transmission cannot be divorced from the government's interest in protecting healthcare workers and vulnerable patients. "[W]hether two activities are comparable for purpose of the Free Exercise Clause must be judged against the asserted government interest that justifies the regulation at issue." *Tandon v. Newson*, 141 S. Ct. at 1296. The Second Circuit dismissed Plaintiffs' arguments for this very reason: "By confining their discussion of comparability to individual risk of transmission alone, Plaintiffs fail to engage" with the State's interests in protecting healthcare workers "that substantially distinguish the medically ineligible from the religious objectors." *WTP*, 17 F.4th at 287. This Court should do the same, and find the Emergency Rule to be generally applicable.[6]

---

[6] Plaintiffs erroneously claim that no safety precautions have been adopted for the medically exempt who work with patients. To the contrary, safety precautions are required at all healthcare facilities throughout the State. *See, e.g.*, 10 N.Y.C.R.R. § 405.11 ("The hospital shall provide a sanitary environment to avoid sources and transmission of nosocomial infections [*i.e.*, infections that start in the hospital] and of communicable diseases . . . . The hospital shall establish an effective infection control program."); *id.* § 415.19 (same requirements for nursing homes).

6

Because the Emergency Rule is neutral and generally applicable, it is subject to rational basis review, which it "easily meets" because vaccinating health care workers plainly protects the public health. *Id.* at 290. Plaintiffs do not argue that the Emergency Rule is irrational.

Moreover, for the reasons explained in Defendants' moving brief, the Emergency Rule would also survive strict scrutiny because it is narrowly tailored to the discrete and critical healthcare sector, and DOH considered and rejected alternative approaches because they would not meet the State's public health goals. Mem. at 21. Plaintiffs claim that DOH could test health care workers often or require them to wear personal protective equipment instead of requiring vaccination. Opp. at 20-21. But DOH wisely rejected those options in lieu of a vaccine requirement because they did not provide sufficient protection against transmission. Spiegelman Decl. Ex. F at 6; *Mills*, 16 F.4th at 33 (vaccine mandate survived strict scrutiny because, *inter alia*, "regular testing cannot prevent transmission" and would not achieve public health goals).

C. <u>This Case Should Be Dismissed on the Pleadings Without Leave to Amend</u>

In a vain effort to salvage their case, Plaintiffs point to language in the Second Circuit's *WTP* decision which noted that factual development might be useful in explaining the adoption of the Summary Order and the Emergency Rule. Opp. at 3-4, 11-12. But as Defendants explained (Mem. at 16 n.24), and Plaintiffs do not contest, that language is *dicta* which was not necessary to decide Plaintiffs' appeal. The Second Circuit did not analyze the issue here—whether Plaintiffs' bare bones Complaint states a free exercise claim. Moreover, the Second Circuit did not state that "factual development" would be useful in considering any of Plaintiffs' claims other than those brought under the Free Exercise Clause, nor in considering whether <u>all</u> of Plaintiffs' claims are foreclosed by *Jacobson* and *Phillips*.

7

This case can and should be dismissed on the pleadings. Appellate courts have affirmed dismissal of challenges to vaccine mandates similar to the Emergency Rule even where the pleadings were more comprehensive than the Complaint here. In *F.F. v. State*, plaintiff parents challenged the New York State Legislature's repeal of the religious exemption from the statute mandating children be immunized from various diseases to attend school. 194 A.D.3d at 82. In a 145-paragraph class action complaint, plaintiffs alleged that the Legislature was hostile towards religion based on the timing of the repeal, its failure to hold hearings, and statements made by certain legislators. *Id.* at 85-87; 3d Dep't Case No. 530783, Docket No. 5 at R-056, Compl. ¶¶ 66-135. The trial court nonetheless found that plaintiffs failed to state a free exercise (or any other) claim, granted the State's dismissal motion, and the Appellate Division affirmed. 194 A.D.3d at 91; *see also Brown v. Smith*, 24 Cal. App. 5th 1135, 1138 (Cal. Ct. App. 2018) (affirming dismissal of 38-page complaint challenging on free exercise grounds California law that eliminated "personal beliefs" exemption from mandatory immunization requirements for schoolchildren). As in those cases, Plaintiffs here fail to allege plausible claims of religious hostility, and their free exercise claims (and all others) thus should be dismissed.

In tacit recognition of the deficiencies in their pleading, Plaintiffs cite further allegations they would make in an amended complaint. Opp. at 15-16. But this cannot save the Complaint because "it is 'axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss.'" *Carnell v. Myers*, 17-cv-7693, 2019 WL 1171489, at n.7 (S.D.N.Y. March 13, 2013), quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). In any event, the Complaint should be dismissed with prejudice because Plaintiffs' proposed amendments concerning Governor Hochul's comments still fail to present plausible claims. *Bank v. Spark Energy, LLC*, 860 F. App'x 205, 207 (2d Cir. 2021) ("Leave to amend

8

may be denied 'for good reason, including futility.'") (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). The Governor's comments about her own personal religious beliefs in favor of vaccination "cannot reasonably be understood" as targeting religion. *WTP*, 17 F.4th at 283; Mem. at 17. And the denial of unemployment benefits to healthcare workers who refuse vaccination naturally follows from the Emergency Rule. Like the Rule, the guidance denying these benefits from the Department of Labor[7] (which is not a defendant here) does not target religion because it applies to every healthcare worker who could safely receive the vaccine and refuses, regardless of whether their refusal is based on religious, political, moral, philosophical grounds or for any other reason.

### III. Plaintiffs Do Not Plausibly Claim Violations of Their Fundamental Rights

As a final matter, Plaintiffs mistakenly claim that fundamental rights to privacy and medical freedom under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments would allow them to refuse vaccination. Plaintiffs cite *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood v. Casey*, 505 U.S. 833 (1992), in support of their alleged rights. Opp. at 16-18. However, as Defendants explained in their moving brief, the Second Circuit expressly held that there is "no fundamental right" that would render unconstitutional vaccine requirements taken in the face of a public health emergency. Mem. at 21-22 (citing *WTP*, 17 F.4th at 293). In any event, *Roe* and *Casey* are plainly distinguishable because while the Supreme Court has recognized a fundamental right to abortion, it has hardly recognized a fundamental right to refuse vaccination of a highly transmissible disease during a deadly pandemic.

Plaintiffs acknowledge that the Second Circuit "reject[ed] [their] argument that *Roe, Casey, and Lawrence [v. Texas]* establish a broad fundamental privacy right." Opp. at 20. They

---

[7] N.Y.S. Dep't of Labor, Unemployment Insurance Top Frequently Asked Questions, https://dol.ny.gov/unemployment-insurance-top-frequently-asked-questions (last visited Mar. 15, 2022).

9

instead rely on *Union Pacific Railway Co. v. Botsford*, 141 U.S. 1250, 251 (1891), a personal injury action from the nineteenth century. In *Botsford*, the Supreme Court considered whether a lower federal court could order an injured female plaintiff to "lay bare the body" for defendant's physician to make a visual inspection of claimed injuries. *Id.* at 252. The Court held that federal courts did not have such power under the Seventh Amendment, federal statutes, or common law. *Id.* at 256-57. *Botsford* is manifestly distinguishable as it does not concern vaccination or public health, and analyzes the power of federal courts, not the power of the States.

Plaintiffs' reliance on the Ninth Amendment to support his claim to a fundamental privacy right is similarly misplaced because it is well established that "[t]he Ninth Amendment is not an independent source of individual rights." *Jenkins v. Comm'r of I.R.S.*, 483 F.3d 90, 92 (2d Cir. 2007) (citing *U.S. v. Bifield*, 702 F.2d 342, 349 (2d Cir. 1983)). Accordingly, Plaintiffs are unable to state a plausible claim that their fundamental rights have been violated.

## Conclusion

For all of the foregoing reasons, the Defendants' motion to dismiss should be granted, and the Complaint should be dismissed in its entirety, with prejudice.

Dated: New York, New York
March 16, 2022

                                              LETITIA JAMES
                                              Attorney General
                                              State of New York
                                              *Attorney for State Defendants*

                                              By:      **/S/**
                                              Todd A. Spiegelman
                                              Assistant Attorney General
                                              28 Liberty Street
                                              New York, NY 10005
                                              (212) 416-8661