```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WE THE PATRIOTS, USA, INC., et al.,          :
                                              :
                Plaintiffs,                   :
       v.                                     :        MEMORANDUM & ORDER
                                              :        21-CV-4954 (WFK) (RER)
KATHLEEN HOCHUL, et al.,                      :
                                              :
                Defendants.                   :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 2, 2021, Plaintiffs We The Patriots USA, Inc., Diane Bono, Michelle Melendez, and Michelle Synakowski, (collectively, "Plaintiffs") filed this action against Defendant Kathleen Hochul, in her official capacity as Governor of the State of New York, and Defendant Howard Zucker, in his official capacity as the Commissioner of the State of New York Department of Health ("NYSDOH"), (collectively, "Defendants"). ECF No. 2. Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 29. For the following reasons, Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

This action arises from the New York State Department of Health's ("NYSDOH") adoption of an emergency rule requiring healthcare workers to be vaccinated against COVID-19 amidst a public health crisis. *See generally* Compl., ECF No. 2. On August 26, 2021, shortly after the Food and Drug Administration ("FDA") approved the Pfizer-BioNTech COVID-19 vaccine, the Public Health and Planning Council (the "Council") of the NYSDOH enacted 10 N.Y.C.R.R. § 2.61 (the "Emergency Rule" or "Rule"). *Id.* ¶ 21. The Emergency Rule required covered healthcare entities to "continuously require" employees to be fully vaccinated against COVID-19 if they "engage[d] in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." Compl. Ex. A, ECF No. 2-1 at 3. The Emergency Rule applied broadly to, *inter alia*, hospitals, certified home health agencies, long term care service agencies, hospices, and adult care facilities. *Id.* However, the Rule provided an exemption for individuals with pre-existing health conditions

1

which could be complicated or worsened by such vaccination. *Id.* It provided for no other exceptions, including none for religion. *See generally* Compl. Ex. A. It is the Emergency Rule's omission of a religious exemption which Plaintiffs We The Patriots USA, Inc., Diane Bono, Michelle Melendez, and Michelle Synakowski, (collectively, "Plaintiffs") now challenge. *See generally* Compl., ECF No. 2.

On September 2, 2021, Plaintiffs filed a Complaint against Defendants Governor Kathleen Hochul and NYSDOH Commissioner Howard Zucker, M.D., in their official capacities (collectively, "Defendants"), seeking injunctive relief to stay enforcement of the Rule. *Id.* Plaintiffs allege the Emergency Rule is unconstitutional, in violation of both (1) the Free Exercise Clause of the First Amendment and (2) Plaintiffs' right to privacy and medical freedom under the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* ¶¶ 5-7. Specifically, Plaintiffs claim "[t]he three major vaccines distributed to prevent illness due to COVID-19 relied on use of a fetal cell line harvested from aborted fetuses acquired in the 1970s and 1980s." *Id.* ¶ 3. Plaintiffs Bono, Melendez, and Synakowski, who are healthcare professionals covered by the Rule, allege they possess "sincere and personal religious beliefs supported by the teaching of their churches that elective abortion is wrong" and therefore "object to placing in their bodies a vaccine that relies in whole or in part on the use of a fetal cell line for development, manufacturing, or testing." *Id.* Plaintiffs seek declaratory and injunctive relief. *Id.* ¶ 7.

On September 12, 2021, Plaintiffs filed a motion for an emergency temporary restraining order and preliminary injunction (the "TRO"), which the Court subsequently denied. *See* ECF No. 6. On November 4, 2021, the Second Circuit affirmed the Court's denial of the TRO on the grounds Plaintiffs failed to demonstrate a likelihood of success on their claims. ECF No. 22; *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 273 (2d Cir. 2021).

On March 16, 2022, Defendants filed the instant Motion to Dismiss, in which they argue Plaintiffs failed to allege any cognizable claim against them. *See generally* Def. Mot., ECF 29. Specifically, Defendants argue "courts have repeatedly upheld vaccination requirements against various constitutional challenges . . . for well over a century." *Id.* at 8. Defendants also contend the vaccination requirement of the Emergency Rule is subject to rational basis review because it is neutral and generally applicable. *Id.* Furthermore, Defendants argue the Rule "plainly satisfies rational basis review inasmuch as it serves a legitimate interest in stemming the spread of COVID-19 among healthcare workers and their vulnerable patients, and it is reasonably related to that interest." *Id.* at 8-9. Also on March 16, 2022, Plaintiffs filed their response in opposition to Defendants' Motion, *see* Pl. Resp., ECF No. 32, and Defendants filed their reply, *see* Def. Reply, ECF No. 27.

On October 11, 2023, Defendants informed the Court of a crucial development: the repeal of the Emergency Rule at the center of this case. Notice, ECF No. 33. Since the initiation of this case, the landscape of the COVID-19 pandemic and corresponding safety regulations has shifted. *Id.* at 1. Thanks in no small part to the development and distribution of the COVID-19 vaccines, the federal COVID-19 public health emergency has expired and the guidance concerning vaccinations has been adjusted accordingly. *See id.* (citing Medicare and Medicaid Programs; Policy and Regulatory Changes to the Omnibus COVID-19 Health Care Staff Vaccination Requirements, 88 Fed. Reg. 36,485 (June 5, 2023)). In response to these developments, the NYSDOH reevaluated the necessity of the Emergency Rule and, on September 7, 2023, the Council voted to repeal it. *Id.* The repeal of the Emergency Rule went into effect on October 4, 2023, upon the publication of a notice of adoption in the *New York State Register*. *Id.*

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss under Rule 12(b)(6), courts must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).

## DISCUSSION

Defendants argue this action should be dismissed as moot due to the repeal of the Emergency Rule. *See generally* Notice. For the following reasons, the Court agrees.

Under Article III of the Constitution, the jurisdiction of federal courts is limited to cases and controversies. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The standing doctrine, which was developed to "ensure that federal courts do not exceed their authority as it has been traditionally understood . . . limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* This jurisdictional limitation "manifests in three distinct legal inquiries: standing, mootness, and ripeness." *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 221 (2d Cir. 2018). The repeal of the Emergency Rule raises the issue of mootness in this case.

"[T]he mootness doctrine ensures [a] litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993). "Accordingly, a case that is 'live' at the outset may become moot 'when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'" *Id.*; *see also Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 222 (E.D.N.Y. 2021) (Garaufis, J.) (explaining plaintiffs have no legally cognizable interest in the outcome of the litigation once it becomes moot). Ultimately, "when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). Furthermore, as the Second Circuit has explained, "'if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case' as moot 'rather than issue an advisory opinion.'" *Almakalani*, 527 F. Supp. 3d at 222 (citing *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004); *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)).

Whereas "the repeal of a challenged statute does not . . . moot a plaintiff's claim for money damages," an action seeking declaratory and/or injunctive relief against an allegedly unconstitutional statute becomes moot if the statute is repealed. *Compare Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608-09 (2001) ("[S]o long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case."), *with Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 414-15 (1972) (finding a case had become moot because "the only relief sought in the complaint was a declaratory judgment that the now repealed [statute] is unconstitutional" and the relevant statute had since been repealed). Plaintiffs here seek only declaratory and injunctive relief, and

no monetary damages. Compl. ¶ 1. Thus, to the extent the repeal of the Emergency Rule renders Plaintiffs' claims for declaratory and injunctive relief moot, those claims must be dismissed. *Lewis v. Cuomo*, 575 F. Supp. 3d 386, 397 (W.D.N.Y. 2021) (Siragusa, J.) (dismissing plaintiffs' demands for injunctive and declaratory relief as moot on this basis).

However, the Court's analysis does not end here. The Court must also determine whether any of the exceptions to the mootness doctrine apply. Under the voluntary cessation exception, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). The rationale for this exception is that, in its absence, courts would otherwise be compelled "to leave '[t]he defendant ... free to return to his old ways.'" *Id.* However, a defendant who voluntarily ceases allegedly illegal conduct may still prevail "if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir. 2004) (citing *Granite State Outdoor Adver., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451 (2d Cir. 2002)). Notably, when the defendant is a government entity, as is the case here, the Second Circuit has determined "[s]ome deference must be accorded to a [legislative body's] representations that certain conduct has been discontinued." *Id.* (citing *Harrison & Burrowes*, 981 F.2d at 59).

In addition to the voluntary cessation exception, an otherwise moot case may still be justiciable "if the underlying dispute is 'capable of repetition, yet evading review.'" *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (citation omitted). Pursuant to this exception,

6

mootness can be avoided if "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Roth v. Farmingdale Union Free Sch. Dist.*, 18-CV-4319, 2022 WL 1666964, at *3 (E.D.N.Y. May 25, 2022) (Kovner, J.) (citing *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 85 (2d Cir. 2005)). "This exception applies 'only in exceptional situations.'" *Id.* (citing *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996)); *see also Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998) (describing the applicability of this exception as "severely circumscribed"). In fact, this principle applies only "where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 119 (2d Cir. 2001) (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

    Defendants argue neither of the aforementioned exceptions apply to this case. First, Defendants claim that while the repeal the Emergency Rule was a voluntary action, Notice at 1, there is no evidence Defendants intend to reinstate the challenged statute. *Id.* Furthermore, Defendants argue the capability-of-repetition principle does not apply to this case given the length of time in which the Rule was operative. As Defendants identify, the Emergency Rule was in effect from August 2021 until October 2023—nearly two years—which provided ample time for both this Court and the Second Circuit to consider Plaintiffs' TRO. Notice at 2. Additionally, Defendants point out that multiple courts in this Circuit have found "the threat of COVID-19 measures being reimposed is merely speculative." *Id.* (citing *Doe on behalf of Doe v.*

7

*Franklin Square Union Free Sch. Dist.*, 21-CV-5012, 2023 WL 2632512, at *2 (E.D.N.Y. Mar. 24, 2023) (Block, J.) (joining "peers in this Circuit" in finding a plaintiff was not under constant threat of the reimposition of a COVID-19 mask mandate)). The Court thus concurs with Defendants and concludes neither of the exceptions to the mootness doctrine apply here.

This determination is also supported by a line of recent cases in this Circuit concerning the repeal of COVID-19 mandates. *See Abadi v. City of New York*, No. 22-1560, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023) (upholding the dismissal of a challenge of emergency orders requiring COVID-19 vaccinations to enter indoor establishments as moot because the requirements in question had since expired and "there [was] no evidence in the record that would support the conclusion that the [defendant] [was] likely to reinstitute any such COVID-19 restrictions."); *see also Reale v. Lamont*, 20-CV-3707, 2022 WL 175489, at *2 (2d Cir. Jan. 20, 2022) (finding a district court lacked jurisdiction over a challenge to an executive order limiting social gatherings because the order was superseded by subsequent legislation); *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 448 (2d Cir. 2021) (holding a district court lacked jurisdiction to issue a preliminary injunction requiring the resumption of fingerprint collection for applicants seeking authorization to obtain firearms amid the COVID-19 pandemic because, prior to the issuance of the preliminary injunction, fingerprinting had resumed, the plaintiffs withdrew their motion with respect to some of the defendants, and the governor indicated his intention to appeal the challenged regulation); *Dark Storm Indus. LLC v. Hochul*, 20-CV-2725, 2021 WL 4538640, at *1 (2d Cir. Oct. 5, 2021) (summary order) (finding challenges to March 2020 COVID-19 executive orders were moot because the restrictions were subsequently lifted and the defendant had demonstrated the possibility of recurrence was speculative). Ultimately, the Court concludes Defendants have met their burden of

demonstrating the repeal of the Emergency Rule renders Plaintiffs' demands for injunctive and declaratory relief in this case moot. Accordingly, Defendants' Motion to Dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for failure to state a claim, ECF No. 29, is GRANTED. The Clerk of Court is respectfully directed to terminate all pending motions, enter judgment in favor of Defendants, and close this case.

SO ORDERED.

s/ WFK

Dated: November 13, 2023
Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE